**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE  19947

Date Submitted: May 2, 2019
Date Decided: June 4, 2019

Andrew C. Durham, *pro se*
4805 Randolph Drive
Annandale, VA 22003

John G. Harris, Esquire
Berger Harris LLP
1105 N. Market Street, 11th Floor
Wilmington, DE 19801

Re:  *Durham v. Grapetree, LLC*, C.A. No. 2018-0174-SG

Dear Counsel:

At the center of this litigation is a family LLC that holds but one asset, a piece

of rental property located in Saint Lucia.  Four of the siblings, James, Jeff, Dee, and

Davis, Jr.,[1] are manager-members, and the fifth, Plaintiff Andrew C. Durham, is a

member and not a manger.  In 2018, Mr. Durham brought this litigation, his second

suit[2] against Grapetree, LLC ("Grapetree") to compel inspection of books and

records under Section 18-305 of the Delaware Limited Liability Company Act.

Myriad motions have been filed to date; for a more complete factual and procedural

history, I refer the interested reader to my January 31, 2019 Letter Opinion.[3]

---

[1] I use first names to refer to the Plaintiff's siblings to avoid confusion; no disrespect is intended.
I refer to the Plaintiff as "Mr. Durham."
[2] In 2011, the LLC settled a books and records case filed by Mr. Durham and his brother, Davis,
Jr.  Mr. Durham has since filed numerous other suits against his siblings and the LLC, all relating
to the LLC.
[3] 2019 WL 413589 (Del. Ch. Jan. 31, 2019).

On January 31, 2019, I issued a Letter Opinion, granting in part and denying in part the Plaintiff's books and records requests.  At trial, Grapetree argued that many of the items Mr. Durham sought to inspect had already been provided to him; I made no findings as to the information already available to the Plaintiff.  Instead, I merely found that as an LLC member, Mr. Durham was entitled to access certain categories of information, to the extent he was not already able to do so.  Grapetree sought attorney's fees; I did not opine on attorney's fees at that time.  Instead, I noted that "[i]f Grapetree, in light of my decision here, continues to seek fees, counsel should so inform me, and I will address that request."[4]

On February 20, 2019, Grapetree filed a Motion for Attorney's Fees and Costs.  The Plaintiff filed his Answer on March 12, 2019.  Grapetree informed the Court that it did not wish to file a reply, and the matter was submitted on May 2, 2019.

Grapetree cites to the LLC's Operating Agreement as the basis for shifting attorney's fees.  The Operating Agreement provides:

> In the event that any Member (hereinafter, a "Claiming Member") asserts or initiates any action, suit or proceeding, whether of a civil or criminal nature, against the Company and/or any Managing Member … and the Claiming Member does not obtain a judgment on the merits that substantially achieves, in substance and amount, the full remedy sought, the Claiming Member shall be obligated to reimburse the Company . . . for all fees, costs, and expense of every kind and description (including, but not limited to, all reasonable attorneys' fees

---

[4] *Id.* at *5.

and other [] litigation expenses) that the [Company] may incur in connection with such action, suit or proceeding.[5]

Grapetree submits that the Operating Agreement warrants fee shifting because Mr. Durham did not substantially achieve the result he sought in filing this action. Per Grapetree, my January 31 Opinion granted only six out of Mr. Durham's *thirty-two claims*; Grapetree "successfully defended against over 80% of the Plantiff's inspection demands."[6]

In his answering brief, Mr. Durham does not address the LLC's Operating Agreement. Instead, he opposes an award of attorney's fees and costs on a variety of other grounds: ongoing misappropriation within the LLC; the "fact" that Grapetree is "in default on the Court's 1/31/19 order;" that it is premature to consider fee requests because the books and records "inquiries are far from over;" that there are new books and records inquiries that remain unanswered; that Grapetree's calculation regarding which party primarily prevailed is flawed; that Grapetree "fails to 'count' valuable production not requested;" that it is the quality, not the quantity, of the granted requests that I should consider; that the playing field is not level, given that Mr. Durham has chosen to proceed *pro se*; and that the LLC could have avoided this expense by pursuing mediation or hiring a different lawyer.[7]

---

[5] Grapetree, LLC's Trial Br. in Opp'n to Pl.'s Compl. to Compel Inspection of Books and Records, Ex. C, at ¶ 14.

[6] Def.'s Mot. for Partial Attorney's Fees and Costs, ¶ 10.

[7] *See* Pl.'s Andrew Durham's Answering Br. to Def.'s Mot. for Partial Attorney's Fees and Costs.

As I explained in my January 31, 2019 Letter Opinion, books and records requests are summary actions. This litigation will soon be brought to a close; I have already determined whether Mr. Durham is entitled to the books and records inspection sought in his Complaint. Thus, contrary to Mr. Durham's contentions, now is the time to decide whether Grapetree is entitled to attorney's fees.[8]

Delaware law is contractarian in nature; parties are held to their bargains. Here, the LLC agreement explicitly provides that where a member brings suit against Grapetree and is not predominately successful, Grapetree is entitled to recover its attorney's fees and costs. Although Mr. Durham was successful on some of his demands for inspection, the January 31, 2019 Opinion "denied the greater part of Andrew's requests, as unnecessary to a proper purpose or overbroad, or as not seeking existing documents."[9] There is no ambiguity in the contract's language, which I assume was provided for just this situation: where one member of this family LLC engages in litigation with the LLC, the bulk of which is unsupported, unreasonable, or frivolous. Further, Mr. Durham's choice to proceed *pro se* is not a defense, and has in fact led to much inefficient litigation. The cost of that choice

---

[8] Also on March 12, 2019, Mr. Durham filed a "Motion to Compel Books & Records Demand #2." He described it as "a new motion again intending to open the LLC's books and records to inspection." As I explained in my January 31, 2019 Letter Opinion, the scope of books and records actions is generally set by demand on the entity; and any resulting litigation is not in the nature of an ongoing expedition, in the course of which a plaintiff may to continue to seek new categories of information. I have already decided the books and records issue in this case. Accordingly, I shall not consider Mr. Durham's "Motion to Compel Books & Records Demand #2."

[9] 2019 WL 413589, at *4.

should not fall on the LLC, under the terms of the LLC agreement. Accordingly, Grapetree is entitled to its reasonable attorney's fees and costs.

Grapetree has not submitted evidence supporting its fees and costs to date, nor has it provided the Court with a monetary amount of the award it seeks. Grapetree should submit such to the Court by June 14, 2019, supported by affidavit, along with a proposed final order. Mr. Durham may submit comments on the fee request by June 24, 2019. Once this issue is resolved, this case will be closed.

In conclusion, Grapetree is entitled to its reasonable attorney's fees and costs, in an amount that will be determined upon examination of relevant evidence, to be provided by Grapetree. To be clear, the animus among the family factions here runs both ways. A minority—nearly twenty percent[10]—of the Plaintiff's requests were successful. I am *not* shifting fees here under the bad faith exception to the American Rule, but solely under the LLC agreement, to which each member of Grapetree is a party. To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[10] This figure, meager though it is, overstates Mr. Durham's successes; much of the material sought in the "winning" twenty percent of claims appears to have been available to Mr. Durham before trial.